**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES of AMERICA            :
                                           01 Cr. 984 (JFK)
    -against-                       :
                                       **Memorandum Opinion**
DIEGO FELIX,                        :      **& Order**

        Defendant.                  :
------------------------------------X

**JOHN F. KEENAN, United States District Judge**:

Defendant Diego Felix moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") § 1B1.10, in light of the recent retroactive amendments to the Guidelines that generally reduce the base offense levels for cocaine base ("crack") offenses. For the reasons set forth below, Felix is ineligible for a reduction in sentence under the amended Guidelines, and his motion is denied.

**Background**

On January 10, 2003, Felix pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute 5 kilograms or more cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846, and one count of illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Felix was sentenced by this Court on July 30, 2003 to the statutory minimum term of 120 months' imprisonment on the cocaine distribution count, and 87 months' imprisonment on the illegal re-entry count, to run concurrently,

and to be followed by the mandatory minimum 5 year term of supervised release.  Defendant appealed his sentence, but the Court of Appeals granted the Government's motion for summary affirmance on July 30, 2004.  On January 10, 2008, Felix filed the instant motion.

**Discussion**

The retroactive crack amendment reduces by two points the base offense levels corresponding to the crack quantity ranges in § 2D1.1(c)'s Drug Quantity Table.  See U.S.S.G. App. C, Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c) (March 3, 2008).  A sentence reduction is authorized only if retroactive application of the amendment would result in a lower applicable Guideline range.  See U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c)(2).

Felix is ineligible for a sentence reduction because he was not convicted of a crime involving crack.  He was convicted and sentenced for conspiracy to possess with intent to distribute cocaine.  Therefore, his applicable Guideline range is unaffected by the crack amendment, and a sentence reduction is not authorized.  Moreover, Felix received the statutory minimum sentence of 120 months for the cocaine offense, pursuant to 21 U.S.C. § 841(b)(1)(a).  A sentence reduction is not authorized under § 3582(c)(2) if "(ii) an amendment . . . does not have the effect of lowering the defendant's applicable guideline range

because of the operation of another guideline or statutory provision (e.g., <u>a statutory mandatory minimum term of imprisonment</u>)." U.S.S.G. § 1B1.10 Application Notes 1(A) (emphasis added). Therefore, Felix does not qualify for relief under § 3582(c)(2), and his motion is denied.

**IT IS SO ORDERED.**

Dated:  New York, New York
        July 21, 2008

_____
JOHN F. KEENAN
**United States District Judge**